## Supreme Court — General Term — First Department.

*March,* 1885.

## PEOPLE *v.* HILL.

OLEOMARGARINE ACT—SECTION 8, CHAPTER 183, LAWS OF 1885
—CONSTITUTIONALITY OF—EVIDENCE OF INTENT.

The Legislature has power to enact that one substance shall not be sold for
another, which it is made to resemble, for the reason that the prohibited
act would be a deception and a fraud, and clearly punishable as a crime
against the Commonwealth.

Accordingly, *held,* in this case, that the statute in question, viz.: section 8
of the Oleomargarine act (chap. 183, L. 1885), was ample to justify a
conviction on the evidence herein, for the reason that it was designed
to prevent imposition and to punish where it is practiced ; and that as
defendant was not convicted upon proof merely of the possession of the
prohibited product colored so as to resemble butter, the question as to
the power of the Legislature to pass the section was not presented.

APPEAL from a judgment of the Court of General Sessions
of New York, Hon. RUFUS B. COWING, city judge, presiding,
rendered November 29, 1885, and convicting defendant, Ben-
jamin J. Hill, of the misdemeanor of selling oleomargarine for
butter, in violation of the provisions of section 8 of chapter 183,
as amended by chapter 458 of the Laws of 1885.

(This appeal was argued at the same time as that in People *v.*
Kerin, *supra,* p. 140).

The eighth section, as amended, provides as follows : " No per-
son shall manufacture, mix or compound with, or add to, natural
milk, cream or butter, any animal fats or animal or vegetable
oils, nor shall he make or manufacture any oleaginous substance
not produced from milk or cream, with intent to sell the same
for butter or cheese made from unadulterated milk or cream, or
have the same in his possession, or offer the same for sale, with
such intent; nor shall any article or substance or compound. so
made or produced, be sold for butter or cheese, the product of
the dairy.

" If any person shall coat, powder or color with annatto,
or any coloring matter whatever, butterine or oleomargarine, or

any compounds of the same, or any product or manufacture, made in whole or in part from animal fats or animal or vegetable oils, not produced from unadulterated milk or cream, whereby the said product, manufacture or compound shall be made to resemble butter or cheese, the product of the dairy, or shall have the same in his possession, or shall sell or offer for sale, or have in his possession, any of the said products which shall be colored or coated in semblance of or to resemble butter or cheese, it shall be conclusive evidence of an intent to sell the same for butter or cheese, the product of the dairy."

The section further provides, that it shall not be construed so as to impair or affect the prohibitions of sections 6 and 7 of the act.

A violation of the section is made a misdemeanor, punishable with a fine.

It appeared that, on May 15, 1885, one Gray, a witness, called by the people, and an expert in the employ of the State Dairy Commissioners, went to the store of the defendant, in the city of New York, and asked the defendant's clerk for half a pound of twenty-five-cent butter. The clerk stepped to defendant, who was in the store, and told defendant, in Gray's hearing, that the witness wanted half a pound of butter, and asked defendant which he should give him. The defendant looked at Gray, and pointing under the counter, said, "Give him that." The clerk then sold Gray half a pound of the substance referred to by defendant, for which Gray paid the clerk in his presence thirteen cents, which the clerk then handed to defendant. This substance was not distinguishable from dairy butter by "looks" or "appearance," and was delivered to witness in a paper, without brand, stamp or label. Gray took the substance to Stillwell, a chemist, employed by the State Dairy Commissioners. He analyzed it, and the analysis showed that it was not dairy butter, made from pure, unadulterated milk or cream, but was a manufactured oleaginous substance, composed chiefly of animal fats, and was made to resemble dairy butter by the introduction of some coloring matter.

The defendant offered no evidence. The prosecution then

elected to go to the jury on the first count of the indictment only, which was founded on section 8, above set forth.

A verdict of guilty was rendered by the jury. Judgment was entered accordingly, from which the defendant appealed to this court.

*Reynaud & Harris,* for appellant, contended.—I. That the statute is addressed to the same object and open to the same animadversions stated by the Court of Appeals in regard to the statute of 1884; * that the aim and effect is to drive the article known as oleomargarine from the market and to protect those engaged in the manufacture of dairy products against the competition of the cheaper article; that this proscription and prohibition is unconstitutional; that the statement in section 8, "this section shall not be construed so as to impair or affect the prohibitions of sections 6 and 7, shows that no construction of section 8 can be made which permits the open sale of the article, for sections 6 and 7 say it shall not be sold at all."

II. That in the particular wherein it prohibits coloring matter in oleomargarine which it permits in butter, it is further directly in conflict with both Federal and State Constitutions by making an unlawful discrimination, by tending to establish a monopoly, and by not extending to all equal and even-handed legislation.

III. That by its ordinance in regard to the possession of a product so colored, making that alone *conclusive evidence* of a guilty intent, it is establishing a rule of evidence fatally in conflict with the fundamental rights of defense, and in violation of the further right of trial by jury.

IV. That the statute also fails to conform to the principle established in Wynehamer *v.* People (13 *N. Y.* 378), in that it is an absolute prohibition of an article hitherto lawful, to wit: a wholesome product colored with the same coloring matter as butter, without any reservation or saving provision as to the rights attached to property and merchandise already manufactured and owned.

---

* See People *v.* Marx, 3 *N. Y. Crim. Rep.* 200.

V. That the aim, method and effect of the whole statute, so far as it relates to oleomargarine, is in conflict not only with natural justice but with the maxims of free government, with the settled principles of our jurisprudence and with the fundamental spirit, ideas and traditions of our entire political, commercial and social organization.

*Randolph B. Martine,* district attorney (*De Lancey Nicoll,* assistant), for the people, respondent.

BRADY, J.—The appellant was convicted for a violation of the provisions of section 3 of chapter 458 of the Laws of 1885, which amended section 8 of chapter 183 of the laws of the same year.

The statute prohibits the intentional sale of any oleaginous substance not produced from milk or cream as butter made of such elements, and this act is just what the appellant did. He sold a substance which was not the product of milk or cream for butter and was convicted. Certain requests were made to charge, which were designed to secure a consideration of the constitutionality of the section referred to, which contains some seemingly objectionable features, but the case does not demand any such review. There can be no doubt of the power of the Legislature to say that one substance shall not be sold for another, which it is made to resemble, for the reason that the prohibited act would be a deception and a fraud and clearly punishable as a crime against the Commonwealth. If the appellant had been convicted by proof merely of the possession of the prohibited product colored so as to resemble butter, the question of the power of the Legislature to pass the section would have been presented, but such was not the case. The statute was ample to justify a conviction on the evidence, for, the reason assigned, namely: that it was designed to prevent imposition and to punish where it was practiced.

For these reasons the judgment appealed from must be affirmed.

Ordered accordingly.

DANIELS, J., concurred; DAVIS, P. J., concurred in result